**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**FLOYD DELL JOHNSON
ADC #77727**                                                                                              **PLAINTIFF**

V.                             CASE NO. 5:12CV00139 SWW-BD

**CHARLIE CROCKETT, et al.**                                                         **DEFENDANTS**

<u>RECOMMENDED DISPOSITION</u>

I.   <u>**Procedures for Filing Objections**</u>**:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Background:

Plaintiff Floyd Dell Johnson, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2)  Because he did not include sufficient information to support a constitutional claim in his original complaint, Mr. Johnson was ordered to file an amended complaint. (#3)  He did not file an amended complaint within the time allowed, and Judge Wright dismissed the case, without prejudice. (#7)

After dismissing the case, however, Judge Wright granted Mr. Johnson's motion to reconsider her previous order. (#9 and #10)  Mr. Johnson was allowed thirty days to file an Amended Complaint.

Mr. Johnson then filed an Amended Complaint (#11), which adequately stated an equal protection claim against separate Defendant Charlie Crockett.[1] (#11)  Defendant Crockett has now moved for summary judgment, arguing that Mr. Johnson failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act

---

[1] Claims in the amended complaint against Billy Straughn, S. Outlaw, and Ray Hobbs have been dismissed. (#15)

("PLRA"). (#26) Mr. Johnson has responded to the motion, and Defendant Crockett has replied. (#30, #31)

Based on the undisputed evidence presented, Defendant Crockett's motion (#26) should be GRANTED. Mr. Johnson's claims should be DISMISSED, without prejudice.

### III.  Discussion:

The PLRA requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v.*

*Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

Here, Tiffanye Compton, an ADC administrator, testified that Mr. Johnson did not complete the grievance procedure prior to filing this lawsuit. (#27-2) According to Mr. Johnson's grievance report, he did not submit any formal grievances in 2011, and submitted only three grievances in 2012. (#31-1 at pp.1, 2) The complaints that Mr. Johnson raises in those three grievances are completely unrelated to the claims raised in this lawsuit. (#31-1 at pp.3-5)

Mr. Johnson has failed to come forward with any proof to rebut the evidence showing that he did not fully exhaust the claims brought in this lawsuit. In his response, Mr. Johnson states that he "did everything I suppose[d] to do" and argues that several of his grievances were never returned to him. (#30 at p.2) The ADC grievance procedure, however, specifically allows an inmate to proceed to the next level of the grievance process if the inmate has not been contacted about a resolution of his complaint, or has not received a response to his grievance within a certain time period. (#27-1 at pp.7, 10)

The undisputed evidence shows that Mr. Johnson did not fully exhaust his administrative remedies with regard to the claims raised in this lawsuit. For that reason, his claims must be dismissed, without prejudice.

### III.     Conclusion:

The Court recommends that Defendant Crockett's motion for summary judgment (#26) be GRANTED, and that Mr. Johnson's claims be DISMISSED, without prejudice.

DATED this 20th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE