IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FLOYD DELL JOHNSON**
**ADC #77727**                                                                                          **PLAINTIFF**

V.                              CASE NO. 5:12CV00139 SWW-BD

**CHARLIE CROCKETT**                                                             **DEFENDANT**

### RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Discussion:

Plaintiff Floyd Dell Johnson, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) Because he did not include sufficient information to support a constitutional claim in his original complaint, Mr. Johnson was ordered to file an amended complaint. (#3) He did not file an amended complaint within the time allowed, and Judge Wright dismissed the case, without prejudice. (#7)

After dismissing the case, however, Judge Wright granted Mr. Johnson's motion to reconsider her previous order. (#9 and #10) Mr. Johnson was allowed thirty days to file an Amended Complaint.

Mr. Johnson did file an Amended Complaint (#11), which adequately stated an equal protection claim against separate Defendant Charlie Crockett.[1] (#11) Defendant Crockett then moved for summary judgment, arguing that Mr. Johnson had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (#26) The Court granted Defendant Crockett's motion, and dismissed Mr.

---

[1] Claims in the amended complaint against Billy Straughn, S. Outlaw, and Ray Hobbs have been dismissed. (#15)

Johnson's claims without prejudice.

Mr. Johnson then appealed Judge Wright's decision to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the Court's decision, but notified Mr. Johnson that he could refile his complaint in this Court if he could provide evidence of exhaustion. (#42)

Mr. Johnson has now moved to reopen this lawsuit, explaining that he has fully exhausted his claims. (#45) The motion (#45) should be DENIED.

Mr. Johnson may file his complaint in this Court, but he must do so in a new lawsuit. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)(holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Because Mr. Johnson had not fully exhausted his claims before filing this lawsuit, it would be futile to allow him to reopen this case.

### III. Conclusion:

The Court recommends that Mr. Johnson's motion to reopen this lawsuit (#45) be DENIED this 25th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE